# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

Junius L. Cannady, Jr., )
    Petitioner, )
     )
v. ) 1:10cv505 (GBL/JFA)
     )
Gene M. Johnson, )
    Respondent. )

## MEMORANDUM OPINION AND ORDER

Junius L. Cannady, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of violation of probation. The petition was initially filed on May 11, 2010. By Order dated August 26, 2010, petitioner was given thirty (30) days to contest the application of the one-year statute of limitations in his case or establish that he is entitled to equitable tolling. Petitioner filed a Letter/Motion for Extension of Time, in which petitioner sought additional time to respond to the August 26 Order. By Order dated October 13, 2010, petitioner was granted an additional thirty (30) days in which to respond, and he has filed a reply. For the reasons that follow, Cannady's claims must be dismissed.

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, Cannady's probation was revoked on July 18, 2006 in the Circuit Court for the City of Virginia Beach, Virginia. Commonwealth v. Cannady, Case

No.CR02002217-02. Cannady did not file a direct appeal, so his conviction became final on August 17, 2006.

In calculating the one-year period, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Cannady filed a petition for writ of habeas corpus in the Supreme Court of Virginia on July 19, 2007, claiming that his due process rights had been violated because the prosecutor had withheld relevant evidence. The court dismissed the petition on September 13, 2007. Cannady v. Director, Dep't of Corr., Case No. 071584. Cannady filed a second habeas petition in the Circuit Court for the City of Virginia Beach, Virginia. Cannady v. Gene M. Johnson, Case No. CL08004201-00. On September 29, 2008, the petition was dismissed as barred by Virginia Code § 8.01-654(B)(2), which prohibits successive habeas corpus petitions.[1] Cannady filed a petition for appeal, which was dismissed by the Supreme Court of Virginia on February 11, 2009, and a petition for rehearing, which was refused on April 23, 2009. Cannady filed the instant federal habeas petition on May 11, 2010.[2]

Between August 17, 2006, the date petitioner's conviction became final, and July 19,

---

[1] This second petition is not considered "properly filed" for § 2254 purposes because Virginia law does not allow for successive habeas petitions. See Va. Code § 8.01-654(B)(2). Even if it were properly filed, the federal petition would be untimely.

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, Cannady states that he placed the petition in the prison mailing system on May 11, 2010.

2

2007, the date petitioner filed his habeas petition in the Supreme Court of Virginia, 336 days passed. Between September 13, 2007, the date petitioner's state habeas petition became final, and May 11, 2010, the date petitioner filed his federal petition, an additional 969 days passed. When these days are combined they establish that the instant petition was filed 940 days beyond the one year limit. Accordingly, the petition is untimely under § 2244(d) unless petitioner can establish that the statute of limitations does not apply or should otherwise be tolled. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). Petitioner has not presented facts supporting such tolling.

Cannady first argues that the statute of limitations should not bar the instant petition because Cannady had believed that there was a two-year limitations period for filing habeas petitions, and Cannady interpreted the Supreme Court of Virginia's dismissal of his second state habeas petition "not as being barred, but to continue to the next tribunal." See Letter to the Court 1-2, ECF No. 8. Equitable tolling is only available in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party." See Hill, 277 F.3d at 704 (quotations omitted). When the failure to file the petition was a result of petitioner's own lack of diligence, equitable tolling is not appropriate. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect."); Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (petitioner's lack of diligence in pursuing federal remedy negates application of equitable tolling). Here, petitioner's own ignorance of the one-year statute of limitations for federal habeas petitions and his misunderstanding of the basis for the Supreme Court of Virginia's dismissal of his second state habeas petition were not external to his own

3

conduct. Thus, petitioner is not entitled to equitable tolling based on these arguments.

Cannady next argues that the statute of limitations should not apply because the Supreme Court of Virginia dismissed his state habeas petition without an evidentiary hearing. See Letter to the Court 2, ECF No. 8. The court's decision not to hold an evidentiary hearing has no bearing on the timeliness of Cannady's federal habeas petition. Additionally, an individual who has filed a petition for habeas corpus in Virginia does not have a right to an evidentiary hearing. See Virginia Code § 8.01-654(B)(4) ("In the event the allegations of illegality of the petitioner's detention can be fully determined on the basis of recorded matters, the court may make its determination whether such writ should issue on the basis of the record."); see also Yeatts v. Murray, 455 S.E.2d 18, 21 (Va. 1995). Therefore, the fact that the Supreme Court of Virginia denied Cannady's request for an evidentiary hearing does not establish that Cannady is entitled to equitable tolling.

Finally, Cannady argues that the dismissal of his state habeas petition was not final when the Supreme Court of Virginia dismissed Cannady's first state habeas petition on September 13, 2007 because the court did not deny his request for reconsideration of its dismissal of his second habeas petition until April 23, 2009. However, Cannady's second petition is not considered "properly filed" for § 2254 purposes because Virginia law does not allow for successive habeas petitions. See Va. Code § 8.01-654(B)(2). The filing of the second habeas petition therefore does not toll the limitations period for filing a federal habeas petition.[3] Pace, 544 U.S. at 408.

---

[3]Even if the second state habeas petition tolled the statute of limitations for filing a federal habeas petition, the instant petition would still be untimely because it was filed more than one year after the Supreme Court of Virginia denied Cannady's petition for rehearing for his second state habeas petition.

4

Cannady is thus not entitled to equitable tolling, and the petition will be dismissed.

Accordingly, it is hereby

ORDERED that this petition be and is DISMISSED, WITH PREJUDICE as barred by the statute of limitations.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil case.

Entered this 20th day of December 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge